UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEGASH MALEDE, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-0217 |
| v | : | (JUDGE MANNION) |
| CATRICIA HOWARD, | : | |
| Respondent | : | |

**MEMORANDUM**

**I.    Background**

On February 6, 2020, Petitioner, Negash Malede, a former inmate confined in the Allenwood Medium Security Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Malede challenges "the denial of [his] Good Time Credit and the Bureau of Prisons refusal to correct it". Id. For relief, Malede requests that "the Court order the BOP to correct [his] release date or make [him] available for the next parole hearing." Id. However, a review of the Federal Bureau of Prisons Inmate Locater reveals that Malede was released from custody on February 3, 2021. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

**II.    Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus

2

relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Malede has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 9, 2021**
20-0217-01